IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA COBLE,<br><br>       Plaintiff,<br><br>       v.<br><br>MARK DEROSIA, et al.,<br><br>       Defendants.<br>_____/ | Case No. 1:10-cv-00259 AWI JLT<br><br>ORDER GRANTING MOTION TO AMEND THE COMPLAINT<br><br>(Doc. 24) |

   Pending before the Court is Plaintiff Lisa Coble's motion to amend the complaint. (Doc. 24.) In her motion, Plaintiff admits that she is not a proper party to the matter and urges that the bankrputcy trustee of her estate, Randell Parker, is the proper plaintiff. She seeks to amend her complaint to add Randell Parker as a plaintiff. Alternatively, Randell Parker seeks leave to intervene in the matter or to be substituted in as the party plaintiff.

   Defendants Mark Derosia and the City of Delano oppose the motion and argue, among other bases, that Mr. Parker should not be added to the complaint or to this action based upon the doctrine of judicial estoppel. In essence, Defendants argue that because Plaintiff failed to identify this litigation in her bankruptcy proceeding, both she and the bankruptcy trustee should be estopped from pursuing this matter. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to amend.

**I.   BACKGROUND**

   Plaintiff initiated this civil action on February 15, 2010. (Doc. 1.) In her complaint, Plaintiff alleges that her employment with the City of Delano was unlawfully terminated after she notified her supervisor that she had become pregnant. (Id. at 1-3.) Plaintiff now seeks monetary damages against

1

Defendant DeRosia for a violation of 42 U.S.C. § 1983 and monetary damages against the City of Delano for violations of California's Fair Employment and Housing Act ("FEHA") and Title VII of the 1964 Civil Rights Act. (Id. at 3-6.)

On January 4, 2011, Defendants DeRosia and the City of Delano filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Doc. 21.) In the motion, Defendants argue, among other things, that Plaintiff lacks standing to pursue her claims because her causes of action belong to the bankruptcy estate. (Id. at 3.) Thus, in Defendants' view, the trustee of the bankruptcy estate, not Plaintiff, is the only party with standing to assert Plaintiff's causes of action. (Id. at 3-4.)

In response, Plaintiff filed the now pending motion to amend on January 5, 2011. (Doc. 24.) Plaintiff seeks to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to join the trustee of the bankruptcy estate, Randell Parker, as a party plaintiff in this action. (Id. at 1-2.) In the alternative, Plaintiff requests that the trustee be permitted to intervene in this action pursuant to Federal Rule of Civil Procedure 24(a)(2)[1] or the trustee be substituted as the party plaintiff pursuant to Federal Rule of Civil Procedure 25(c)[2]. (Id. at 2-3.)

On January 24, 2011, Defendants filed their opposition to Plaintiff's motion to amend. (Doc. 27.) Defendants argue therein that the Magistrate Judge lacks jurisdiction to decide this matter because the issue is intertwined with its still pending motion to dismiss. (Id. at 3-4.) Defendants also argue that should the Magistrate Judge decide the motion to amend, the ruling should not prejudice Defendants' judicial estoppel argument, as presented in its motion to dismiss.[3] (Id. at 4-6.)

On January 31, 2011, Plaintiff filed her reply in which she responds to Defendants' judicial estoppel argument. (Doc. 29 at 3-32.) The Court heard argument of counsel on the matter on February

---

[1] The Court notes that Mr. Parker failed to file and serve a proposed complaint in intervention as required by Federal Rule Civil Procedure 24(c). Therefore, his motion to intervene will be **DENIED** without prejudice.

[2] In light of the Court's ruling on the motion to amend, as set forth below, the Court declines to evaluate whether Mr. Parker may properly be substituted under Federal Rules of Civil Procedure 25(c). However, given Plaintiff admits that she is not a proper party to this litigation, she is encouraged to file her request for dismissal immediately so to avoid waste of any further judicial resources.

[3] The Court is well aware of its own authority and, therefore, declines to address these arguments.

2

7, 2011.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of the responsive pleading. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

The grant or denial of leave to amend a complaint is in the discretion of the court, Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. Id.

The factors commonly used by courts to determine the propriety of a motion to amend are: bad faith, undue delay, prejudice to the opposing party, and futility of the amendment.[4]  See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-1052 (9th Cir. 2003) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)). Of these factors, the potential for prejudice to the opposing party "carries the greatest weight." Eminence Capital, LLC, 316 F.3d at 1052; Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973). However, the burden of showing prejudice falls on the party opposing amendment. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987). Absent prejudice, or a strong showing of any of the remaining factors, "there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." Eminence Capital, LLC, 316 F.3d at 1052 (emphasis in the original).

*A. Bad Faith*

Rule 17(a) requires that an action be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17(a). In this case, Plaintiff's wrongful termination and discrimination claims accrued before she filed bankruptcy. Thus, the claims belong to the bankrputcy estate and the trustee, rather than Plaintiff, has standing to assert those claims. See Sierra Switchboard Co. v. Westinghouse Electric

---

[4] Whether the pleading has been amended already is a factor considered by courts. Id. However, because there has been no other amendment to the pleading, this factor does not apply here.

1  Corp., 789 F.2d 705, 709 (9th Cir. 1986) (causes of action that exist prior to a bankrputcy filing become
2  assets of the bankruptcy estate).  Now that Plaintiff's bankruptcy case has been reopened and the trustee
3  reinstated (Doc. 24-4)[5], Plaintiff seeks to join the proper party to this action.  Defendants imply that
4  Plaintiff has acted in bad faith in the bankruptcy court such to engineer the current circumstance.  They
5  argue that few of Plaintiff's creditors will file renewed claims in the reopened bankruptcy estate which
6  will result inPlaintiff keeping the bulk of any damages awarded in this current litigation for herself.
7  While, clearly, Plaintiff did not report this litigation to the bankruptcy court and the Court absolutely
8  does not condone this conduct, equally viable explanations for Plaintiff's behavior are simple ignorance
9  or negligence.  However, because the Court has been provided no *evidence* to demonstrate Plaintiff's
10 bad faith in this proceeding, this factor does not weigh against granting the motion to amend.

   *B. Undue delay*

12      In Howey, the Ninth Circuit Court of Appeals observed, "The purpose of the litigation process
13 is to vindicate meritorious claims.  Refusing, solely because of delay, to permit an amendment to a
14 pleading in order to state a potentially valid claim would hinder this purpose while not promoting any
15 other sound judicial policy."  Howey, 481 F.2d at 1191.  Thus, by itself, undue delay is insufficient to
16 prevent the Court from granting leave to amend.  DCD Programs, Ltd., 833 F.2d at 186.  However, in
17 combination with other factors, delay may be sufficient to deny amendment.  See Hurn v. Ret. Fund
18 Trust of Plumbing, 648 F.2d 1252, 1254 (9th Cir. 1981) (where the Court found a delay of two years,
19 "while not alone enough to support denial, is nevertheless relevant").

20     When evaluating undue delay, the Court must consider whether "permitting an amendment
21 would . . . produce an undue delay in the litigation."  Jackson, 902 F.2d at 1387.  In addition, a Court
22 should examine "whether the moving party knew or should have known the facts and theories raised by
23 the amendment in the original pleading."  Id. at 1388; see also Eminence Capital, 316 F.3d at1052.

24     To be sure, this motion to amend comes almost one year after this action was initially filed.
25 However, it appears that some of the delay in filing the motion, once Plaintiff's counsel learned of the
26 bankruptcy action, was due to the need to reopen the bankruptcy action and seek the reappointment of

---

[5] The Court may take judicial notice of court records in another case.  See United States v. Howard, 381 F.3d 873, 867 n.1 (9th Cir. 2004) (citing Fed. R. Evid. 201; United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980)).

4

the trustee. (Doc. 24, Exs. 3-7.) Moreover, in light of the scant discovery that has occurred in this case (Docs. 18, 15), the filing of the motion does not appear to be overly delayed.

On the other hand, where, as here, dismissal is premised on the plaintiff's failure to prosecute in the name of the real party in interest, Rule 17(a)(3) explicitly affords the plaintiff an opportunity to join or substitute the real party in interest prior to dismissal. See Fed. R. Civ. P. 17(a)(1) & (3). Under these circumstances, courts have not hesitated to grant leave to amend. See, e.g., Runaj v. Wells Fargo Bank, 667 F. Supp. 2d 1199 (S.D. Cal. 2009) (granting plaintiff leave to amend to join the bankruptcy trustee); Malikyar v. Sramek, No. C 07-03533 WHA, 2008 WL 4891020 (N.D. Cal. Nov. 12, 2008) (plaintiff allowed to amend and cure standing deficiencies in the complaint). Thus, this factor does not weigh against amendment.

*C. Prejudice*

Defendants have not demonstrated that they will be prejudiced by the amendment. Plaintiff seeks only to amend the complaint to join the trustee, the real party in interest, to the action. The claims and the factual allegations of the original complaint otherwise remain the same. Even counsel will be unchanged. (Doc. 24-7.) This is not a case where the opposing party will be saddled with further obligations or discovery as a result of amendment. See Howey, 481 F.2d at 1191 (leave to amend may be denied where amendment would lead to further, extensive discovery). Indeed, though the Court issued its scheduling order in June 2010, based upon counsel's reports of the progress of the case (Docs. 18, 15), it appears that little discovery has occurred. Thus, the progress of the case has been slow so that amendment would add no additional burden on Defendants' ability to defend against the merits of this action. Therefore, this factor does not weigh against amendment.

*D. Futility of amendment*

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Frequently, futility of amendment means that "it was not factually possible for [the] plaintiff to amend the complaint so as to satisfy the standing requirement." Allen v. Beverly Hills, 911 F.2d 367, 373-374 (9th Cir. 1990). For an amendment to be futile, it must appear on its face that it is not actionable.

Here, Defendants make cogent arguments regarding the application of judicial estoppel to

Plaintiff *and* to the trustee. On the other hand, Plaintiff counters with legal interpretation of her own that judicial estoppel does not apply. The Court's review of the legal authorities reveals that the issue is not so clearly established that the amendment is futile on its face no matter how the issue is decided, ultimately, by the Court.

### III.  CONCLUSION

The Court has fully considered all the relevant factors and has concluded that Plaintiff's motion to amend the complaint to join the bankruptcy trustee should be granted. Accordingly, for the reasons set forth above, it is **HEREBY ORDERED** that:

1. Plaintiff's January 5, 2011, motion to amend the complaint (Doc. 24) is **GRANTED**; and
2. Within ten days of the date of this order, Plaintiff shall file and serve the amended complaint as proposed in the motion to amend.

IT IS SO ORDERED.

Dated:  **February 8, 2011**                                      /s/ Jennifer L. Thurston
                                                                                          UNITED STATES MAGISTRATE JUDGE