IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA COBLE, et al.,<br><br>             Plaintiffs,<br>       v.<br><br>MARK DEROSIA, et al.,<br><br>             Defendants. | 1:10-CV-00259 AWI JLT<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS<br><br>[Doc. #37] |

## INTRODUCTION

Plaintiffs Lisa Coble ("Coble") and Randell Parker ("Parker") filed a First Amended Complaint ("FAC") against Defendants Mark DeRosia and the City of Delano on February 14, 2011. Defendants move to dismiss the FAC pursuant to Rule 12(b)(1) and Rule 12(h)(3) of the Federal Rules of Civil Procedure. In their motion, Defendants argue, *inter alia*, that Coble lacks standing to bring her claims and that Parker, as bankruptcy trustee, is judicially estopped from pursuing Coble's claims. Defendants frame their judicial estoppel argument as part of their motion to dismiss for lack of subject matter jurisdiction under Rules 12(b)(1) and 12(h)(3). Judicial estoppel, however, is an affirmative defense and does not attack jurisdiction. See Fed. R. Civ. P. 8(c). Therefore, Defendants' judicial estoppel argument is more properly considered under Rule 12(b)(6). See Jones v. Bock, 549 U.S. 199, 215 (2007) (a complaint may be subject

to dismissal under Rule 12(b)(6) if the face of the pleadings establish the affirmative defense). For the reasons that follow, the motion is granted in part and denied in part.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) or 12(h)(3) challenges the Court's subject matter jurisdiction. "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must not be disregarded nor evaded." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). A challenge to jurisdiction "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cnty., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Thus, the Court is not restricted to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988) (citation omitted).

A defendant may raise an affirmative defense by motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Jones, 549 U.S. at 215. "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." Id. at 908.

## BACKGROUND

Beginning April 24, 2008, Coble was employed as a jailer with the City of Delano. FAC at ¶ 8. On September 12, 2008, Coble was terminated. Id. at ¶ 8. Subsequently, on October 7,

2

2008, Coble filed an administrative complaint with the California Department of Fair Employment and Housing. (Doc. 40-1 at 9.) In the administrative complaint, Coble alleged that she was subjected to "sex/pregnancy discrimination" when she was denied accommodations and discharged from her employment by the City of Delano. Id.

On January 9, 2009, Coble filed for bankruptcy. (Doc. 40-2 at 2.) Coble did not disclose in her bankruptcy petition that she had filed the October 7, 2008 administrative complaint. Id. at 31. Thereafter, the Bankruptcy Court issued a Final Decree and Coble's debts were discharged. (Doc. 40-3 at 2 and 5.)

Coble filed a complaint against Defendants on February 15, 2010. (Doc. 1.) In her complaint, Coble again alleged claims related to her termination. Defendants filed a motion to dismiss on January 4, 2011, arguing that Coble lacked standing to bring her claims and was judicially estopped from bringing her claims. (Doc. 21.) Coble filed a motion to amend the complaint on January 5, 2011. (Doc. 24.) In the motion, Coble admitted that she was not a proper party to the litigation and sought to amend her complaint in order to add Parker, bankruptcy trustee of her estate, as a plaintiff. Id. at 1. The Magistrate Judge granted Coble's motion to amend the complaint on February 8, 2011. (Doc. 31.) Coble filed the FAC on February 14, 2011, adding Parker as a plaintiff. (Doc. 32.) Defendants again move to dismiss the FAC based on lack of subject matter jurisdiction and judicial estoppel. (Doc. 37.)

## DISCUSSION

1. Coble's Standing

Defendants contend that Coble has no standing to pursue her claims. Motion at 3:20. Specifically, Defendants argue that Coble's claims belong to the bankruptcy estate and only the bankruptcy trustee has standing to assert those claims. Id. at 3:21-22. Coble agrees that the claims belong to the bankruptcy estate and the trustee is the proper party plaintiff to prosecute the claims. Opposition at 9:21-23. Coble "stipulates that she may be dismissed from this case and does not oppose the motion to dismiss as to her." Id. at 9:17-18.

Article III standing is a species of subject matter jurisdiction. Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010). "Because standing and ripeness pertain to federal courts' subject matter jurisdiction, they are properly raised in a Rule 12(b)(1) motion to dismiss." Id. "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).

The Court agrees that Coble lacks standing to pursue her claims. Causes of action that exist prior to a bankruptcy filing become assets of the bankruptcy estate. See 11 U.S.C. § 541(a)(1); Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 709 (9th Cir. 1986). Once causes of action become assets of the bankruptcy estate, only bankruptcy trustees, debtors-in-possession, or bankruptcy court authorized entities have standing to sue on behalf of the estate. McGuire v. United States, 550 F.3d 903, 914 (9th Cir. 2008). In this case, Coble's causes of action existed prior to her bankruptcy filing. This is evidenced by the fact that Coble filed her administrative complaint on October 7, 2008 and then filed for bankruptcy on January 9, 2009. Therefore, Coble is dismissed due to lack of standing.[1] Accordingly, with respect to Coble, Defendants' Rule 12(b)(1) motion to dismiss is GRANTED.

2.   Judicial Estoppel against Parker

Defendants contend that Parker, as trustee for Coble's bankruptcy estate, is judicially estopped from pursuing Coble's claims because Coble failed to disclose her claims during bankruptcy proceedings. Defendants state that "dismissal with prejudice with respect to a trustee is warranted where equitable considerations weigh against permitting the bankruptcy trustee to pursue the claims." Id. at 9:2-4.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly

---

[1] Because the Court concludes that Coble lacks standing to pursue her claims, it does not address Defendants' remaining arguments against Coble.

4

inconsistent position." <u>Klamath Siskiyou Wildlands Ctr. v. Boody</u>, 468 F.3d 549, 554 (9th Cir. 2006).  Judicial estoppel is invoked "not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts."  <u>Hamilton v. State Farm Fire & Cas. Co.</u>, 270 F. 3d 778, 782 (9th Cir. 2001).  Generally, judicial estoppel applies when: "(1) the party's current position is clearly inconsistent with its earlier position, (2) the party was successful in persuading a court to accept its earlier position, and (3) the party would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  <u>Williams v. Boeing Co.</u>, 517 F.3d 1120, 1134 (9th Cir. 2008).

In the bankruptcy context, judicial estoppel is applied to prevent a debtor who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy.  <u>Hamilton</u>, 270 F.3d at 785.  The rationale is that courts "will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding."  <u>Id.</u>  Applying judicial estoppel against debtors serves to protect the integrity of the bankruptcy process, which depends on full and honest disclosure by debtors of all their assets.  <u>Id.</u>

Judicial estoppel does not apply to a bankruptcy trustee when the debtor's conduct occurred after the bankruptcy petition was filed.  For example, in <u>Parker v. Wendy's International Inc.</u>, 365 F.3d 1268, 1271-72 (11th Cir. 2004), the Eleventh Circuit held that judicial estoppel did not apply to the bankruptcy trustee when the debtor took inconsistent positions in bankruptcy court and district court.  The court noted that the debtor's discrimination claim became an asset of the bankruptcy estate when the bankruptcy petition was filed.  <u>Id.</u> at 1272.  Once the discrimination claim became part of the bankruptcy estate, all rights held by the debtor in the claim were extinguished.  <u>Id.</u>  Thus, at the time the bankruptcy petition was filed, the trustee became the real party in interest in the debtor's discrimination suit.  <u>Id.</u>  The court emphasized

5

that any post-petition conduct by the debtor, including failure to disclose an asset during the bankruptcy proceedings, was not attributable to the trustee because the debtor ceased to have any interest in the discrimination claim. Id. at 1272 n.3. Therefore, the court held that judicial estoppel did not apply to the trustee because "the trustee made no false or inconsistent statement under oath in a prior proceeding" and was "not tainted or burdened by the debtor's misconduct." Id. at 1273.

Similar to the Parker case, Coble's claims became an asset of the bankruptcy estate when she filed her bankruptcy petition on January 9, 2009.[2] Parker, as bankruptcy trustee, then became the real party in interest in Coble's suit. Coble concedes that her claims were not found on her bankruptcy schedules. Opposition at 9:18-21. However, Coble's failure to disclose her claims during bankruptcy proceedings is not attributable to Parker because Coble ceased to have an interest in her claims upon the filing of her bankruptcy petition. Therefore, judicial estoppel does not apply to Parker because Parker never took an inconsistent position with respect to Coble's claims.

Defendants argue that Parker's claims should be dismissed with prejudice, citing to Reed v. City of Arlington, 620 F.3d 477 (5th Cir. 2010). The Court is not persuaded that Reed mandates a different result in this case. In Reed, a debtor failed to disclose a judgment throughout his bankruptcy proceedings. Id. at 479. The Fifth Circuit applied judicial estoppel to the trustee despite acknowledging that the trustee took no inconsistent legal positions. Id. at 482. The Fifth Circuit emphasized that the trustee succeeded "to the debtor's claim with all its attributes, including the potential for judicial estoppel." Id. The Fifth Circuit, unlike the

---

[2] In connection with their motion to dismiss, Defendants filed a request for judicial notice of various court filings, including Coble's bankruptcy petition. (Doc. 40.) The Court "may take judicial notice of court filings and other matters of public record." Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006). The documents at issue here are all court filings or matters of public record. Therefore, judicial notice of these documents is taken.

Eleventh Circuit in Parker, failed to take into account that when the debtor filed for bankruptcy he ceased to have any interest in his claim.  Thus, the Fifth Circuit incorrectly attributed the debtor's post-petition conduct to the trustee for judicial estoppel purposes.  Furthermore, Fifth Circuit Rule 41.3 states that "the granting of a rehearing en banc vacates the panel opinion and judgment of the court and stays the mandate."  On February 22, 2011, the Fifth Circuit vacated the Reed panel opinion and judgment of the court when it granted a rehearing en banc.  Reed v. City of Arlington, 634 F.3d 769, 770 (5th Cir. 2011).  Therefore, Reed is unpersuasive and the Court declines to follow it.

Accordingly, Defendants' motion to dismiss Parker's claims based on judicial estoppel is DENIED.

## CONCLUSION

IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED in part and DENIED in part consistent with this order.

IT IS SO ORDERED.

Dated:   May 13, 2011                                              _____
                                                                                          CHIEF UNITED STATES DISTRICT JUDGE